IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        ORDER

                Plaintiff,

                                        09-cr-159-bbc

     v.

DERRICK RAPLEY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Derrick Rapley has filed a "Motion for Relief From Breach of Contractual Plea Agreement and Combined Motion for Appointment of Conflict-Free Counsel and Hearing." In this motion he alleges that there was a breach of his plea agreement and that his counsel was ineffective for failing to raise that issue and for failing to adequately prepare for sentencing. Although defendant characterizes his motion as one brought under certain provisions of Title 18, it is actually a motion for modification of his sentence and must be brought pursuant to 28 U.S.C. § 2255 and subject to the rules of the Anti-terrorism and Effective Death Penalty Act. Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of

1

judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

However, before addressing the re-characterized motion, I am required to advise defendant that I am re-characterizing the motion and that this means that it will count as his first § 2255 motion. Castro v. United States, 124 S.Ct. 786, 792 (2004). If he proceeds with this motion, he will not have an opportunity to file a second motion to modify or vacate his sentence except in unusual circumstances and then only after he has received permission from the Court of Appeals for the Seventh Circuit for a second filing. See 28 U.S.C. § 2255 ¶ 8. If defendant wishes to proceed, he must advise the court of his intention. Because it is likely that this § 2255 motion will be the only one he will be allowed to file, he should consider carefully whether he wants to add any other § 2255 claims.

ORDER

IT IS ORDERED that defendant Derrick Rapley's Motion for Relief From Breach of Contractual Plea Agreement and Combined Motion for Appointment of Conflict-Free Counsel and Hearing is re-characterized as a motion brought pursuant to 28 U.S.C. § 2255. Defendant may have until January 17, 2011, in which to advise the court whether he wishes

to withdraw his motion or proceed with it. If he chooses to proceed, he is either to attach a rewritten motion, setting out *all* his challenges to his sentence, or advise the court that his only challenges are the ones set out in his present motion. I am enclosing a form that defendant may use to file a motion. If defendant does not respond to this order by January 15, 2011, the court will consider his motion to have been withdrawn.

Defendant's request for appointment of counsel is DENIED without prejudice as premature.

Entered this 16th day of December, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge